RECEIVED
NOV 14 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FREDDIE ROCHON | : | DOCKET NO. 2:14-2803 |
| VS. | : | JUDGE TRIMBLE |
| NEWPARK MATS & INTEGRATED SERVICES, LLC | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss Pursuant to FRCP 12(b)(5)" (R. #4) wherein defendant, Newpark Mats & Integrated Services, LLC ("Newpark") seeks to have the instant lawsuit dismissed due to insufficient service of process. The instant suit was filed in state court wherein defendant filed a Declinatory Exception of Improper Service of Process; the suit was removed to this court prior to the exception being ruled upon by the state court. Newpark now converts the declinatory exception into a motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m).[1] Plaintiff, Freddie Rochon, opposes the motion.

## FACTUAL ALLEGATIONS

In his Petition for Damages, plaintiff makes the following allegations: On or about April 8, 2013, Mr. Rochon was employed by Francis Energy Services and was assigned to clean mats for

---

[1] Rule 4(m) of the Rules of Civil Procedure provides as follows:

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Newpark.[2] While working in the area by the mats which had allegedly been set up by Newpark, Mr. Rochon was struck in the head and hand by a falling mat causing him injuries.

On April 7, 2014, Mr. Rochon filed the instant Petition for Damages via facsimile transmission in the 31st Judicial District Court of Jefferson Davis Parish, Louisiana. The Clerk of Court received the original petition on April 11, 2014. In his petition, plaintiff requested that service of process be withheld. By letter dated June 3, 2014, plaintiff requested that citation and service be made upon Newpark in Baton Rouge, Louisiana, through the East Baton Rouge Parish Clerk of Court. The East Baton Rouge Parish Clerk of Court required payment for service of process in advance; the Clerk of Court so advised plaintiff in June 2014. Plaintiff sent the advance payment for service of process which was received by the Clerk of Court on August 19, 2014. Newpark was served on August 26, 2014 through its registered agent for service of process. Newpark now challenges the sufficiency of its service of process asserting that the service was untimely; plaintiff requested service with the required service cost 133 days after commencement of the suit.

## LAW AND ANALYSIS

In its motion to dismiss, NewPark complains that plaintiff's service of process was untimely and seeks to have the complaint dismissed. The petition was fax-filed on April 7, 2014 and received by the court on April 11, 2014[3]; the petition requested that service be withheld. Also included with the petition was a firm check for $255 for the advanced costs of filing and service. On June 11, 2014

---

[2] R. #1-1, Petition for Damages, ¶ 3.

[3] Plaintiff suggests that it was received April 10, 2014; the green card was signed on April 11, 2014 which indicates that it was received on April 11, 2011 (unless the signatory wrote in the wrong date). Be that as it may, Louisiana Revised Statute 13:850 permits a retroactive date of filing which would be April 7, 2014.

2

the Clerk of Court for Jefferson Davis Parish received a request by plaintiff to serve defendant, Newpark. Because Newpark had to be served through the East Baton Rouge Parish Clerk of Court, additional payment was required. Shortly thereafter, Plaintiff was informed by the Clerk of Court that service of process could not be made upon Newpark until such additional advance payment was received. Plaintiff was informed that service could not be made until payment was received by the Clerk of Court in June 2014. Plaintiff sent and the Clerk of Court received on August 19, 2014, plaintiff's second request and the proper payment for service of process. Newpark was served on August 26, 2014.

Plaintiff argues that he has complied with all statutory and jurisprudential requirements. Plaintiff requested that service be made within 60 days after filing suit. However, because of the unique service requirements, additional costs were due. Plaintiff knew this some time in June 2014 but did not send the additional payment until August 19, 2014. Plaintiff maintains that his failure to pay the additional costs within 90 days ( relying on Louisiana Code of Civil Procedure 1201 (C)) should not cause the dismissal of his suit, even if done so without prejudice. Plaintiff submits that his request for service was timely and appropriate.

Newpark submits that a request for service is not considered "received" by the Clerk until payment for service is also received.[4] Thus, Newpark maintains that because the request for service was untimely under both Louisiana and federal rules, the case should be dismissed. Plaintiff has failed to explain to this court as to why it waited another two (2) months after being informed of the

---

[4] Jones v. Iberville Parish Council, 111 So.3d 83 (La. App. 1 Cir. 11/2/12)(service of citation is not considered requested until the clerk receives a request for service and payment or an order granting pauper status citing Jenkins v. Larpenter, 906 So.2d 656, 659, writ denied, 904 So.2d 711 (La. 6/17/05)).

additional service costs to send the funds necessary to effect service. The court finds that plaintiff's request for service of process was untimely under both state and federal rules.

## CONCLUSION

Accordingly, the motion to dismiss will be granted and the instant lawsuit will be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of November, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE